UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In Re:

BMI SMART PARKING LOTS, LLC      Case No.: 6:25-bk-04004-GER
                                                           Chapter 11

                Debtor.                          *Subchapter V Election*

_____

**VERIFIED MOTION OF SEMINOLE AND PATCH, LLC, SEMINOLE AND PATCH II, LLC, AND HARBOR RDC STORAGE, LLC FOR ORDER GRANTING RELIEF FROM AUTOMATIC STAY, OR IN THE ALTERNATIVE, ADEQUATE PROTECTION**

SEMINOLE AND PATCH, LLC, SEMINOLE AND PATCH II, LLC, and HARBOR RDC STORAGE, LLC (collectively "Landlord"), by and through the undersigned counsel, hereby move this Court for an Order granting Landlord relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1), for cause, or in the alternative for an Order compelling Debtor to pay, as adequate protection, all post-petition obligations accruing under the Lease of non-residential real property discussed herein, and in support thereof states as follows:

*Background*

On or about August 8, 2024, Landlord and Debtor entered into that certain *Commercial Real Estate Lease* for the leasing of real property known as 6302 Seminole Avenue, Orlando, FL 32822 and 5282 Patch Road, Orlando, FL 32822 in Orange County, Florida (the "Premises"), a true and correct copy which is attached hereto as **Exhibit A**. On or about January 24, 2025, Landlord and Debtor entered into that certain *First Amendment to Commercial Real Estate Lease*, a true and correct copy of which is attached hereto as **Exhibit B** (together referred to herein as the "Lease"). Additionally, in connection with the above-referenced lease amendment, and as an

1

exhibit thereto, to cure Debtor's defaults under the Lease, Debtor executed and delivered to Landlord that certain *Promissory Note* dated January 24, 2025, in the original amount of $204,950.03 (the "Note"). The Note specifies that "Tenant acknowledges and agrees that Tenant failed to pay, and that Tenant owes, Landlord Rent and other amounts owed under the Lease, in the aggregate amount of $204,950.03." Note, §2. The Lease and the Note are cross-defaulted. See *First Amendment to Commercial Real Estate Lease*, §4; Note, §6(C).

Prior to the filing of the instant Petition, Debtor (again) was in default under the Lease and Note. As a result, Landlord sought to evict Debtor in that certain proceeding styled *Seminole and Patch LLC, et al. v. BMI Smart Parking Lots LLC, Orange County, Florida, County Court, Case No.: 25-CC-011808-O* (the "Eviction Lawsuit"). The Eviction Lawsuit resulted in a *Final Judgment of Eviction* and two *Writs of Possession*, true and correct copies of which are attached hereto as **Exhibits C and D**, respectively. The Writs of Possession, however, were never effectuated as a result of this bankruptcy case, filed on June 27, 2025 (the "Petition Date"). As of the Petition Date, Debtor owed the sum of $213,314.00 under the Lease and the additional sum of $214,642.21 under the Note, for a total of $427,956.21. Debtor has also failed to pay July Rent which is due and owning in the amount of $82,369.00, less the sum of $16,400.00 paid by a sub-tenant.

## *Stay Relief is Warranted*

Landlord now seeks relief from the automatic stay for cause pursuant to 11 U.S.C. §362(d)(1) and Federal Rule of Bankruptcy Procedure 4001. Alternatively, Landlord seeks an adequate protection in the form of an order compelling Debtor to comply with the provisions of 11 U.S.C. § 365 by remitting all post-petition amounts due under the Lease (as hereinafter defined) pursuant to Federal Rules of Bankruptcy Procedure 6006 and 9014. This Court has jurisdiction of

this proceeding pursuant to 28 U.S.C. §§ 157 and 1334, 11 U.S.C. §§ 362 and 365, and Fed. R. Bankr. Pro. 4001, 6006, and 9014.

Pursuant to § 365(d)(3) of the Bankruptcy Code, the Debtor "shall timely perform all the obligations of the debtor… arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected…" However, Debtor has not paid Rent for the very first month post-petition – July 2025. Additionally, Landlord has just become aware of Orange County, Florida, Code Enforcement violations caused by the Debtor pursuant to that certain *Statement of Violation and Notice of Hearing* attached hereto as **Exhibit E**. Based on Landlord's preliminary review, this violation relates not just to improper parking, but also unpermitted sheds and storage structures constructed by Debtor on the property which will have to be demolished (and will need a further permit to demolish). The cost of compliance is not yet known. These violations constitute further breaches of the Lease, which requires Debtor, *inter alia*, to "at all times causes its… use and operations at the Premises to be in compliance with all Laws" (Lease, Art. 5), to obtain Landlord's prior written approval for all "alterations, additions or improvements to the Premises or any part thereof ('***Alterations***')" (Lease, §6.1), to construct any such Alterations "in accordance with the requirements of all applicable Laws…" (Lease, §6.5), to comply with all Laws, broadly defined as inclusive of municipal codes (Lease, §9.1), and to bear the cost of such compliance (Lease, §9.2).

Accordingly, the Debtor has failed to perform under the Lease and to otherwise comply with § 365(d)(3) since the filing of its Bankruptcy Petition. Despite Debtor's default and failure to perform under the Lease, Debtor remains in possession of the Leased Premises to the detriment of Landlord, who wishes to relet the Leased Premises and to mitigate its damages under the Lease.

As a result, Landlord is entitled to recover possession of the Premises from Debtor under Florida law, but the automatic stay prevents Landlord from doing so. Debtor should not be permitted to retain the Premises without performing under the Lease and in compliance with the Bankruptcy Code while it makes a determination as to whether the Lease will be assumed or rejected. Debtor has failed to comply with §365(d)(3) by failing to pay the rent and other amounts required to be paid under the Lease since the filing of this bankruptcy and by failing to prevent or remedy the above-referenced code enforcement violations. The failure to comply with §365(d)(3) constitutes "cause" for granting relief from the automatic stay. *In re Goodson*, 12 B.R. 883, 885 (Bankr. S.D. Fla. 1981) (granting stay relief when "The debtor-in-possession has not cured, or made any offer to cure such defaults. Neither has it provided adequate assurance of future performance under such contract or lease."); *see also In re Florida Lifestyle Apparel, Inc.*, 221 B.R. 897, 900-01 (Bankr. M.D. Fla. 1997) (recognizing that § 365(d)(3) was designed to protect commercial landlords, and requiring payment of post-petition, pre-rejection rent).

Moreover, it is clear from the timing of the filing of this case (immediately following entry of the Writs of Possession) and the lack of other creditors, that Debtor's financial problems involve essentially a dispute between Debtor and Landlord, which has already been resolved in the Eviction Lawsuit by the entry of a final judgment, and could otherwise be addressed in state court via a damages lawsuit. Indeed, Debtor's own Schedules [Doc. No. 32] indicate that Debtor has: (a) *no* secured creditors; (b) *no* priority creditors; (c) nonpriority unsecured claims totaling less than $12,000 excluding debts to Landlord and its principal, Mr. Pourrain; (d) *no* litigation with anyone other than Landlord; and (e) *no* executory contracts or unexpired leases other than the Lease. "Generally, the courts do not condone the use of Chapter 11 to resolve two-party disputes in the bankruptcy court when such litigation is still pending in a non-bankruptcy forum prior to the

commencement of the case." *In re Serfass*, 325 B.R. 901 (Bankr. M.D. Fla. 2005); *In re Lezdey*, 332 B.R. 217, 222 (Bankr. M.D. Fla. 2005) ("The lack of a meaningful number of unsecured creditors in relation to the indebtedness owed to one major creditor is also a factor in deciding whether the Chapter 11 case was filed in bad faith.")

The timing of Debtor's filing evidences an intent to delay or frustrate the legitimate efforts of Landlord to enforce its rights. Given this timing, and lack of any other reason for filing bankruptcy, it is apparent that the Petition was filed solely to stop Landlord from retaking possession of the Premises. Indeed, the Chapter 11 Case Management Summary [Doc. No. 7] discusses no financial difficulty of Debtor or reason for filing other than to prevent Landlord from lawfully prosecuting its action in state court to retake possession of the Premises.

The Debtor's own financial statements [Doc. No. 23], show an inability to assume the Lease. The Debtor's balance sheet shows total assets of less than $50,000, with cash on hand of less than $1,000. Debtor's Schedules [Doc. No. 32] show a mere $681.84 in cash. July Rent alone was $82,369. Debtor's profit and loss statement further shows a nearly $60,000 loss through the end of May 2025, backstopped only by "Owner capital Loan." These filings provide no comfort to Landlord that Debtor will be able to pay on-going rent, let alone a $511,962.21 cure payment (being $427,956.21 due pre-petition, plus the July Rent and interest payment). While Landlord anticipates that Debtor will assert that the Note does not need to be satisfied in connection with any assumption of the Lease, Landlord believes the case law does not support that position. *See, e.g.*, *In re IT Group, Inc.*, 350 B.R. 166, 179–80 (Bankr. D. Del. 2006), to wit:

> The "critical feature" of decisions which do not invalidate cross-default provisions is "that the agreements linked by a cross-default clause were *economically interdependent:* the consideration for one agreement supported the other." *United Air Lines,* 346 B.R. at 470 (emphasis added), *citing* \*180 *Lifemark Hosps., Inc. v. Liljeberg Enters. (In re Liljeberg Enters.),* 304 F.3d 410, 445 (5th Cir.2002) (upholding cross-default provision in one agreement where non-enforcement

5

Case 6:25-bk-04004-GER    Doc 34    Filed 07/22/25    Page 6 of 8

"would collapse the [other] agreement" and "thwart [non-debtor party's] bargain in agreeing to enter into the [other] agreement"); *Kopel,* 232 B.R. at 67 (enforcing cross-default clause in lease and collateral note where they were "contemporaneously executed as necessary elements of the same transaction, such that there would have been no transaction without each of the other agreements").

Here, as expressly acknowledged by the Debtor, the sums due under Note are nothing more than unpaid Rent under the Lease, which would be entirely due and payable (and therefore would be required to be paid at assumption) but for the *First Amendment to Commercial Real Estate Lease*. That amendment would not have been entered into without the Note, which was executed contemporaneously therewith.

Debtor's nonperformance under the Lease and noncompliance with § 365 constitute cause under § 362, warranting a modification of the automatic stay to permit Landlord to pursue its rights under state law with respect to the Lease and the Premises. Accordingly, the automatic stay should be lifted for cause.

### *Adequate Protection is Warranted*

As an alternative to the granting of relief from the automatic stay, Debtor should be compelled immediately to bring current in full its post-petition obligations under the Lease, to timely remedy the code enforcement violations, and be ordered to continue performance under the Lease, including payment of all amounts required thereunder, pending Debtor's assumption or rejection of the Lease. Finally, to the extent Debtor is unable to perform under the Lease post-petition as required under the Bankruptcy Code, Landlord requests that Debtor be compelled to reject the Lease and to surrender possession of the Leased Premises to Landlord immediately.

WHEREFORE SEMINOLE AND PATCH, LLC, SEMINOLE AND PATCH II, LLC, and HARBOR RDC STORAGE, LLC pray that this Court: (1) grant Landlord relief from the automatic stay to recover possession of the Premises from Debtor, and to remove Debtor and its property therefrom pursuant to state law; or (2) compel Debtor to remit the default amounts set forth herein,

6

0304020\210114\15109529v2

cure the code enforcement violations, and comply with the provisions of the Lease; and (3) compel Debtor to comply with the terms and provisions of the Lease and 11 U.S.C. § 365(d)(3) on a going forward basis until such time as Debtor makes a determination as to the assumption or rejection of the Lease; or (4) to the extent Debtor is unable to perform under the Lease, enter an Order compelling Debtor to reject same and to surrender possession of the Leased Premises to Landlord immediately; and (5) grant such other and further relief as may be just and proper. Pursuant to Rule 4001(a)(3), *Federal Rules of Bankruptcy Procedure*, and Local Rule 4001-1(c)(3), Landlord requests a waiver of 14-day stay period and requests that relief be granted forthwith.

/s/ *Michael S. Provenzale*
Michael S. Provenzale
Fla Bar. No. 0056834
LOWNDES, DROSDICK, DOSTER,
KANTOR & REED, P.A.
215 N. Eola Drive
Orlando, Florida 32801
Telephone: 407-843-4600
Facsimile: 407-843-4444
E-mail: michael.provenzale@lowndes-law.com
*Counsel for Seminole and Patch, LLC, Seminole and Patch II, LLC, and Harbor RDC Storage, LLC*

**VERIFICATION**

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 21, 2025.

*Philip Scott Ramser, Jr.*
Philip Scott Ramser, Jr., as Manager of each
of Seminole and Patch, LLC, Seminole and
Patch II, LLC, and Harbor RDC Storage, LLC

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on July 22, 2025 I electronically filed the foregoing with the Clerk of Court by using the Case Management/Electronic Case Filing ("CM/ECF") system which will send a notice of electronic filing, and I will complete service of the foregoing as required by Rule 5, Federal Rules of Civil Procedure, made applicable by Rule 7005, *Federal Rules of Bankruptcy Procedure*, to all parties indicated on the electronic filing receipt.

                                           */s/ Michael S. Provenzale*
                                           Michael S. Provenzale