UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

BMI Smart Parking Lots, LLC,                          Case No.:   6:24-bk-04004-GER
                                                       Chapter 11, Subchapter V

                    Debtor.
_____/

**ACTING UNITED STATES TRUSTEE'S**
**MOTION TO DISMISS CASE OR CONVERT CASE TO CHAPTER 7**

Guy A. Van Baalen, Acting United States Trustee for Region 21 ("UST"), by and through her undersigned counsel, respectfully moves this Court to enter an order dismissing or converting this case to chapter 7, pursuant to title 11 U.S.C. § 1112(b).   In support, the UST states:

SUMMARY

This case should be dismissed or converted to chapter 7 pursuant to 11 U.S.C. § 1112(b) for "cause" based on BMI Smart Parking Lots LLC's ("Debtor") (i) failure to comply with Orders of this Court, (ii) failure to open a debtor-in-possession account at an approved depository; (iii) failure to close all pre-petition bank accounts or seek authority to maintain existing accounts; (iv) failure to provide the 2024 tax return to the UST and file it with the Court or seek an extension of time to do so; (v) failure to file complete and accurate schedules and statements; and (vi) failure to fulfil its obligations as a debtor in possession.   The Debtor's inability to file required documents and comply with the basic fiduciary duties and responsibilities of all debtors in bankruptcy demonstrates an inability to confirm a plan of reorganization and/or mismanagement. For these reasons, the Debtor's case should be dismissed or converted to chapter 7.

STANDING

1.     The UST has standing to file motions to dismiss or convert under 11 U.S.C. §§ 307, 1104(a) and 1112(b)(1), as well as 28 U.S.C. § 586. *See also* Collier on Bankruptcy ¶ 112.04[1] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).

BACKGROUND

2.     On June 27, 2025, the Debtor commenced this chapter 11 bankruptcy case by filing a voluntary petition (Doc. No. 1; "Petition") in which the Debtor indicated its election to proceed under Subchapter V of Chapter 11.  The Petition was signed by Fabian Pourrain, as Sole-Managing Member of the Debtor.

3.     The UST filed a Notice of Appointment (Doc. No. 5) of Aaron R. Cohen as Subchapter V Trustee ("Subchapter V Trustee") on July 1, 2025, in accordance with the statutory duty to do so. 11 U.S.C. § 1183.

4.     On July 1, 2025, the Court entered an Order Prescribing Procedures in Chapter 11 Subchapter V Case (Doc. No. 6; "Order"). This Order imposes several obligations on the Debtor, including the obligation to remit to the Trustee interim compensation in the amount of $1,000.00 each month beginning within 30 days of the petition date, open and maintain debtor-in-possession bank accounts, maintain insurance customary and appropriate to Debtor's industry, file any delinquent federal or state tax return, timely remit post-petition taxes, and file monthly operating reports ("MORs"). The Order provides that "Debtor's failure to timely comply with this Order . . . is grounds for the Court to dismiss or convert the case to chapter 7 or for removal of the Debtor as debtor−in−possession." (Order at 2.)

5.     The Chapter 11 Case Management Summary (Doc. No. 11) reflects that the Debtor operates a parking lot facility near the Orlando International Airport.

6.      On August 11, 2025, the Debtor filed its Chapter 11 Plan of Reorganization (Doc 44; "Plan").  Confirmation has been scheduled for September 24, 2024.

LAW AND ARGUMENT

7.      This case warrants dismissal or conversion for cause.  Pursuant to 11 U.S.C. § 1112(b), where "cause" is shown on the motion of a party in interest, the bankruptcy court shall dismiss or convert a chapter 11 case, whichever is in the best interest of creditors.   11 U.S.C. § 1112(b).  Statutory examples of case include the lack of ability for the Debtor to propose a confirmable plan (§ 1112(b)(A)), gross mismanagement of the estate (§ 1112(b)(4)(B)), failure to comply with an order of the court (§ 1112(b)(4)(E)), unexcused failure to satisfy timely any filing or reporting requirement (§ 1112(b)(4)(F)), and failure to establish any unusual circumstances or other reason why the case should not be dismissed or converted (§ 1112(b)(2)).   (*See also* Order.)

8.      Cause exists to dismiss or convert this case under 11 U.S.C. § 1112(b) as set forth below:

**A. Failure to File Delinquent 2024 Tax Return and Provide Copies**

9.      The Debtor has failed to file its 2024 tax return.[1]   As of the Petition Date, this tax return was past due.   As a result, the Order requires the delinquency to be cured within 30 days, or July 31, 2025.

10.      To date, despite numerous requests, the Debtor's counsel has not provided any updates on the attempts to file this delinquent return.   Moreover, the Debtor has not sought to retain an accountant in this case or an extension of time to fulfill this duty.

---

[1] Upon information and belief, the Debtor's 2024 tax return became due to the Internal Revenue Service on May 1, 2025, due to Hurricane Milton's impact on Central Florida.   As a result, it was delinquent on the Petition Date.

11.     This failure constitutes cause for dismissal or conversion of this case under 11 U.S.C. § 1112(b)(4)(E), (F) and (H).

**B.     Failure to File Complete and Accurate Schedules**

12.     The Debtor operates from a leased premises – in fact, the Debtor's lease defaults are the core issue in this case.   However, the Debtor does not disclose the existence of such a lease on Schedule A/B at Question # 54.   Moreover, based on representations made at hearings in this case, the Debtor's obligations under the lease are partially obviated by the existence of a sublease with an unidentified tenant that pays the landlord directly.   However, this sublease between the Debtor and a subtenant is not disclosed on Schedule G.

13.     It is unclear why the Debtor is withholding material information in this case that is necessary for interested parties to evaluate the propriety of the Debtor's plan or its continuation in Chapter 11.

14.     This failure constitutes cause for dismissal or conversion of this case under 11 U.S.C. § 1112(b)(4)(E) and (F).

**C.     Failure to Open Debtor-In-Possession Bank Account**

15.     To date, the Debtor has not opened a debtor-in-possession bank account at an approved depository.   According to the Monthly Operating Report for July 2025 (Doc. No. 52), the only account open is the pre-petition Chase Bank account ending in 8909.   Notably, this account is held in the name of the Debtor and a non-member individual, Olga Andriyanova.   It is unclear why this individual's name is on this account.

16.     The Debtor's failure to open a debtor-in-possession bank account violates the Order, Section 345, Local Rule 2081-1(f).   This poses an undue risk to the estate, as the Debtor's funds are not in an approved depository with the necessary collateralization.   This failure

constitutes cause for dismissal or conversion of this case under 11 U.S.C. § 1112(b)(4)(E).

**D.**   **Failure to Close Pre-Petition Bank Accounts and/or Seek Authority to Maintain Same**

17.   To date, the Debtor has not closed its pre-petition bank account(s). According to Schedule A/B (Doc. No. 32 at 3), the Debtor maintained an account at Chase Bank ending in 8909.

18.   The Order required the Debtor to close such accounts within 30 days (*i.e.*, July 31, 2025).   (Order at 2.)

19.   Despite numerous requests, the Debtor has not provided proof of closure of this account or any other open accounts.   It is evident that this account remains open as of July 31, 2025, because an active account statement is attached to the Debtor's monthly operating report for July 2025 (Doc. No. 52 at 8-13).

20.   The Debtor's failure to close all pre-petition bank accounts violates the Order and Section 345.   This poses an undue risk to the estate, as the Debtor's funds are not in an approved depository with the necessary collateralization.   This failure constitutes cause for dismissal or conversion of this case under 11 U.S.C. § 1112(b)(4)(E).

**E.**   **Failure to File a Monthly Operating Report for June 2025**

21.   The case was filed on June 27, 2025.   Pursuant to Federal Rule of Bankruptcy Procedure 2015(a)(6), since the order for relief was entered after the 15th day of the calendar month, the information for that month must be included in the report for the next calendar month. However, the June information is omitted from the Debtor's July 2025 report (Doc. No. 52).

22.   The combined June and July report was due on August 21, 2025.   As a result, the Debtor has not timely complied with its responsibility to file reports as outlined in the Order and Federal Rule of Bankruptcy Procedure 2015.   The Debtor's failure to file this information constitutes cause for dismissal or conversion of this case under 11 U.S.C. § 1112(b)(4)(F).

**F. Failure to Cooperate with the UST and Provide Requested Documents**

23. The Debtor has failed to provide information reasonably requested by the UST. To date, despite numerous requests, the Debtor's counsel has not provided any updates on the attempts to file its tax return, close its bank account(s), open a debtor-in-possession account, and file complete and accurate schedules.

24. The Debtor's failure to provide information reasonably requested by the UST constitutes cause for dismissal or conversion of this case under 11 U.S.C. § 1112(b)(4)(H).

**G. Failure to Comply with an Order of the Court**

25. Failure to comply with a court order is a "cause" for dismissing a Chapter 11 case under 11 U.S.C. § 1112(b)(4)(E). The Order specifically provides:

> Failure to Comply. Debtor's failure to timely comply with this Order, including, but not limited to, failure to timely file Monthly Operating Reports and file a feasible plan of reorganization is grounds for the Court to dismiss or convert the case to chapter 7 or for removal of the Debtor as debtor−in−possession.
>
> * * *

(Order at 1-2.)

26. The Debtor's failures as identified above: failure to file delinquent tax returns, file complete monthly operating reports, open debtor-in-possession account, and close pre-petition account, constitutes cause for dismissal or conversion of this case under 11 U.S.C. § 1112(b)(4)(E).

**H. Violation of Fiduciary Duties as a Debtor-in-Possession/Gross Mismanagement**

27. The Debtor's failure to comply with its basic duties under the Bankruptcy Code demonstrates that the Debtor has failed to perform its fiduciary duties as a debtor-in-possession of this bankruptcy estate. As recognized by the Supreme Court, the debtor-in-possession "bears essentially the same fiduciary obligation[s] to the creditors as does the trustee for a debtor out of possession." *Wolf v. Weinstein*, 372 U.S. 633, 649-650 (1963); accord *In re Blue*

*Stone Real Estate, Constr. & Dev. Corp.*, 392 B.R. 897, 904 (Bankr. M.D. Fla. 2008).  A debtor's failure to comply with its fiduciary duties serves as additional cause for dismissal or conversion under 11 U.S.C. § 1112(b). *In re Landmark Atl. Hess Farm, LLC*, 448 B.R. 707, 716 (Bankr. D. Md. 2011); *see also Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 355 (1985).

28.    By failing to (i) timely prosecute its bankruptcy case; (ii) file a confirmable plan; (iii) cooperate with the UST, (iv) file required MORs, (iv) pay all required monthly payments to the Subchapter V Trustee, and (v) failure to comply with an Order of the Court, the Debtor has engaged in gross mismanagement and such conduct imposes a risk to the reasonable likelihood of rehabilitation of the estate.   As a result, these failures collectively serve as cause for dismissal or conversion under § 1112(b)(4)(B).

29.    Finally, there have been no unusual circumstances or other reasons presented why this case should not be dismissed.   11 U.S.C. § 1112(b)(2).

30.    The UST has consulted with the Subchapter V Trustee on the issues raised herein and he supports the relief requested and believes its bases are well-founded.

31.    The UST reserves the right to proceed at the hearing on this motion and to present evidence to address any deficiency present in any subsequently filed or transmitted documents, or alternatively, reserves the right to amend this motion to address same.

WHEREFORE, based on the foregoing, the United States Trustee moves to dismiss this case or convert the case to chapter 7, and grant such other and further relief as is just and proper.

Date: August 28, 2025.                    Respectfully Submitted,

                                          Guy A. Van Baalen
                                          Acting United States Trustee, Region 21

                                           /s/   *Audrey May Aleskovsky*
                                          Audrey May Aleskovsky, Trial Attorney
                                          United States Department of Justice
                                          Office of the United States Trustee
                                          Florida Bar No.: 103236
                                          George C. Young Courthouse
                                          400 W. Washington Street, Suite 1100
                                          Orlando, FL 32801
                                          Telephone No.: (407) 648-6068
                                          Email: Audrey.m.Aleskovsky@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on August 28, 2025, I caused a true and correct copy of the foregoing Motion to Dismiss or Convert Case to Chapter 7 to be furnished by CM/ECF on all parties appearing electronically in the matter, and by United States Mail to the following:

BMI Smart Parking Lots LLC
5282 Patch Rd.
Orlando, FL 32822

*/s/   Audrey May Aleskovsky*
Audrey May Aleskovsky, Trial Attorney