**ORDERED.**

**Dated: September 25, 2025**

*Grace E. Robson*
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In Re:

BMI SMART PARKING LOTS, LLC                         Case No.: 6:25-bk-04004-GER
                                                    Chapter 11

                    Debtor.                         *Subchapter V Election*
_____/

**AGREED ORDER ON: (I) VERIFIED MOTION OF SEMINOLE AND PATCH, LLC, SEMINOLE AND PATCH II, LLC, AND HARBOR RDC STORAGE, LLC FOR ORDER GRANTING RELIEF FROM AUTOMATIC STAY, OR IN THE ALTERNATIVE, ADEQUATE PROTECTION (DOC #34); AND (II) APPLICATION OF SEMINOLE AND PATCH, LLC, SEMINOLE AND PATCH II, LLC, AND HARBOR RDC STORAGE, LLC FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE (DOC #58)**

THIS CASE came on for a evidentiary hearing on September 24, 2025 on the *Verified Motion of Seminole and Patch, LLC, Seminole and Patch II, LLC, and Harbor RDC Storage, LLC for Order Granting Relief From Automatic Stay, or in the Alternative, Adequate Protection* (the "Motion") (Doc. No. 34) filed by *Seminole and Patch, LLC, Seminole and Patch II, LLC, and Harbor RDC Storage, LLC* ("Landlord"). The Court has considered the

Motion, heard arguments of counsel, been advised of the parties' agreement to this Order, and is otherwise fully advised in the premises. Accordingly, it is

**ORDERED:**

1. The Motion is **Granted.**

2. The automatic stay imposed by 11 U.S.C. § 362 is hereby modified to permit the actions specified in this Order and such other and further actions necessary or desirable to accomplish those actions.

3. Debtor shall vacate the leased premises commonly known as 6302 Seminole Avenue, Orlando, FL 32822 and 5282 Patch Road, Orlando, FL 32822 (the "Premises"), on or before 11:59 p.m. on October 1, 2025 (the "Turnover").

4. Prior to the Turnover, Debtor shall: (a) remove all personal property from the Premises, including, without limitation, all unpermitted structures Debtor has added to the Premises, including any storage sheds and the "guard shack" located at the entrance to the parking lot; (b) at Landlord's option, assign to Landlord any or all of subleases, license, or other contractual interest relating to the Premises for the driving school or truck parking operations (the "Subleases"), and provide copies of all such Subleases, such that any vehicles then parked on the Premises pursuant to the Subleases may remain so parked; (c) remove all vehicles from the Premises (other than those parked pursuant to a Sublease); and (d) provide Landlord with a rent roll showing all vehicles (with appropriate identifying information) which shall remain on the Premises pursuant to a Sublease. Debtor is authorized to take all actions contemplated by this Order.

5. In the event that Debtor fails to take all such actions by Turnover, Landlord may effectuate the *Writs of Possession* entered in Landlord's eviction action pending in state

court styled *Seminole and Patch LLC, et al. v. BMI Smart Parking Lots LLC, Orange County, Florida, County Court, Case No.: 25-CC-011808-O* or may obtain and effectuate any new *Writs of Possession* for that purpose. Landlord shall not seek or obtain *in personam* relief against the Debtor absent further order of this Court.

6. Landlord shall be entitled to any and all rent or other payments derived from the Subleases which accrue on or after October 1, 2025.

7. The Lease between Landlord and Debtor is deemed rejected as of the Petition Date and Landlord waives any claim for administrative priority rent (including that set forth in Doc. No. 58); provided, however, that Landlord shall still be entitled to a non-priority claim against Debtor as if the Lease had been rejected as of the Petition Date.

8. Debtor releases Landlord and its agents, employees, members, managers, and officers from any and all claims, demands, actions, causes of action, suits, damages, losses, costs, and expenses of any nature whatsoever, whether known or unknown, suspected or unsuspected, in any way relating to the Lease, specifically including, without limitation, any alleged interference with Debtor's operations or business relations with respect thereto.

9. The relief granted herein is not subject to the 14-day stay applicable under Rule 4001(a)(4), Federal Rules of Bankruptcy Procedure and Local Rule 4001-1(c)(3), Landlord is entitled to the relief granted herein immediately.

###

Attorney Michael Provenzale is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this order.